# EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

RECEIVED

DEC 29 2009

LEGAL DEPARTMENT

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

No. _____

2009L015549
CALENDAR/ROOM 1
TIME 00:00
Statutory Action

MICHAEL JORDAN, Plaintiff

_____ (Name all parties)

v.

JEWEL FOOD STORES, INC., Defendant

PLEASE SERVE:

Jewel Food Stores, Inc.
150 Pierce Road, #200
Itasca, IL 60143

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___ , Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

| | |
|---|---|
| Atty. No.: 90219 | WITNESS, _____ DEC 21 2009 _____ |
| Name: Frederick J. Sperling, SCHIFF HARDIN LLP | |
| Atty. for: Plaintiff | |
| Address: 233 S. Wacker Drive, Suite 6600 | **Clerk of Court** |
| City/State/Zip: Chicago, IL 60606 | Date of service: _____ |
| Telephone: (312) 258-5500 | (To be inserted by officer on copy left with defendant or other person) |

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

MICHAEL JORDAN,                          )
                                         )
                                         )
    Plaintiff,                         )
                                         )
    v.                                 )  Case No.
                                         )
JEWEL FOOD STORES, INC.,                 )
                                         )
                                         )
    Defendant.                         )

## COMPLAINT

    Plaintiff Michael Jordan, by his attorneys, for his complaint against Jewel Food Stores,

Inc., states as follows:

### THE PARTIES

    1.    Plaintiff Michael Jordan is known throughout the world for his athletic skill

and achievements as a professional basketball player and for his unique commercial appeal

as an endorser of products and services.

    2.    Defendant Jewel Food Stores, Inc. ("Jewel-Osco") is an Ohio corporation

with its principal place of business in Itasca, Illinois, and conducts business in Cook County,

Illinois.

### NATURE OF THE CASE

    3.    This case arises out of Jewel-Osco's unauthorized use of Jordan's identity in a

nationally-distributed advertisement promoting Jewel-Osco. Jordan brings these claims for

violation of the right of publicity, false endorsement, false designation of origin, deceptive

business practices and unfair competition against Jewel-Osco to remedy the damage caused

by Jewel-Osco's unauthorized advertisement.

## FACTUAL BACKGROUND

4.     Now retired from playing, Jordan is widely regarded as the greatest basketball player in history. He was named the National Basketball Association's Most Valuable Player five times and was an NBA All-Star fourteen times. His career scoring average still ranks as the NBA's best of all time. Jordan led the Chicago Bulls to six NBA championships. He was also a member of the 1984 and 1992 United States gold medal Olympic basketball teams. ESPN named Jordan the greatest North American athlete of the 20th century. He was inducted into the Basketball Hall of Fame in 2009.

5.     Jordan has also had enormous success as an endorser of products and services in which businesses that wish to profit from an association with Jordan contract with him to use aspects of his world famous identity, including his name and persona, in their advertising and marketing materials. Jordan's persona includes, among other things, his number 23, his image and the colors and clothing associated with his basketball playing career.

6.     By carefully controlling the nature and frequency of his product endorsements – rejecting far more requests to use his name and persona than he grants – Jordan has enhanced and maintained the value of his endorsements.

7.     The majority of Jordan's income, and his income potential, is now derived from his ability to license his name and persona to commercial sponsors who wish to capitalize on his fame. As a business, the licensing of Jordan's identity is just as important to him now as his professional basketball playing career once was.

8.     In 2009 the magazine *Sports Illustrated Presents* distributed a commemorative issue entitled *Jordan: Celebrating A Hall of Fame Career*.

9.     On information and belief, the magazine was distributed nationwide.

10.    The magazine included a full page Jewel-Osco advertisement, a copy of which is attached to this Complaint as Exhibit A.

11.    Although the Jewel-Osco advertisement congratulates Jordan on his induction into the Basketball Hall of Fame, it goes beyond that by appropriating Jordan's persona in order to promote Jewel-Osco's goods and services.

12.    The Jewel-Osco advertisement is on the full inside back cover of the magazine. Featured in the bottom half of the advertisement is a photograph of a pair of red and white basketball shoes, each with the number 23 on the tongue of the shoe. The shoes appear to be an inaccurate and misleading copy of Air Jordan basketball shoes, which are the subject of an endorsement agreement between Jordan and Nike, Inc.

13.    The text at the top center of the page features the headline, "A Shoe In!," lauds "Michael Jordan's elevation in the Basketball Hall of Fame" and then concludes with, "Jewel-Osco salutes #23 on his many accomplishments as we honor a fellow Chicagoan who was 'just around the corner' for so many years."

14.    Immediately below the text is a the prominent red and white logo of Jewel-Osco, together with the registered trademark, GOOD THINGS ARE JUST AROUND THE CORNER, which is registered in connection with "retail grocery store services."

15.    On information and belief, both the trademark JEWEL-OSCO (U.S. Reg. No. 2,128,535) and the phrase GOOD THINGS ARE JUST AROUND THE CORNER (U.S. Trademark Reg. No. 3,573,874) are owned by Jewel-Osco or Jewel-Osco's corporate parent, Supervalu Inc.

16.    Jewel-Osco never received Jordan's permission to use his identity or to imply his endorsement in connection with the goods and services offered by Jewel-Osco.

17.     Jordan has never approved the use of his identity or endorsement in connection with grocery store goods and services.

18.     Jordan would never permit Jewel-Osco to use his identity in connection with any of Jewel-Osco's goods or services.

19.     On May 19, 1988, Jordan was issued United States Trademark Registration Number 1,487,719 for the mark MICHAEL JORDAN for use in connection with "promoting the goods and/or services or others through the issuance of product endorsements." The trademark registration, now owned by Jordan's company Jump 23, Inc. ("Jump 23") and used by Jordan pursuant to a license, has been in continuous use since 1984 and is incontestable. A copy of the trademark registration with current status documents for MICHAEL JORDAN is attached to this Complaint as Exhibit B.

20.     On March 12, 2002, Jump Higher, L.L.C., a company affiliated with Mr. Jordan, was issued United States Trademark Registration Number 2,547,960 for the mark 23 in connection with "bar, restaurant and catering services." The trademark registration, now owned by Jump 23 and used by Mr. Jordan, has been used continuously since at least 1999 and is incontestable. A copy of the trademark registration with current status documents for 23 is attached to this Complaint as Exhibit C.

21.     Jump 23 is also the owner of two trademark registrations (U.S. Reg. Nos. 3,627,002 and 3,627,003) for the trademarks MICHAEL JORDAN 23 SPORTCAFE and MICHAEL JORDAN 23 SPORTCAFE and Design. Both trademarks are registered for use in connection with "restaurant, bar and catering services."

22.     The MICHAEL JORDAN and 23 trademarks are, and at all relevant times were, strong, famous and distinctive marks. Jordan and Jump 23 have used the marks in

interstate commerce throughout the United States for many years to promote a wide variety of goods and services.

23.     Because of the public's widespread knowledge of and admiration for Jordan, goods and services associated with the MICHAEL JORDAN and 23 marks have come to be well and favorably known and have benefitted greatly from their association with the marks.

24.     Apart from the value of the MICHAEL JORDAN and 23 marks, Jordan's name and persona have developed enormous commercial value and secondary meaning in promoting products as a result of the public's widespread knowledge and admiration of him.

25.     Jordan has been damaged by Jewel-Osco, whose unauthorized advertisement infringes Jordan's right of publicity and falsely implies Jordan's endorsement of Jewel-Osco's goods and services. The advertisement damages Jordan by diminishing Jordan's endorsement value.

## COUNT I

## (JORDAN'S CLAIM FOR VIOLATION OF THE ILLINOIS RIGHT OF PUBLICITY ACT)

26.     Jordan realleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27.     Jewel-Osco's unauthorized use of Jordan's identity for commercial purposes is a violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1-60.

28.     Jewel-Osco's use of Jordan's identity was unauthorized because Jewel-Osco did not obtain Jordan's consent to use of his identity in connection with the advertisement. In fact, Jewel-Osco did not even request Jordan's consent.

29.     Jewel-Osco's use of Jordan's identity was willful because it used Jordan's identity intentionally and with knowledge that its use was not authorized.

30.     Jordan has been damaged by Jewel-Osco's unauthorized use of his identity.

WHEREFORE, Jordan requests that relief be granted in his favor and against Jewel-Osco

for (a) damages sustained by Jordan, including Jewel-Osco's profits, in an amount greater than

$5,000,000, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction

requiring Jewel-Osco to refrain from any use of Jordan's identity without prior authorization

from Jordan, (e) an order requiring Jewel-Osco to place corrective advertising in future issues of

*Sports Illustrated* magazine and (f) such other and further relief as the Court deems just and

proper.

## COUNT II

### (JORDAN'S CLAIM FOR VIOLATION OF SECTION 43(a) OF THE LANHAM ACT — FALSE ENDORSEMENT)

31.     Jordan realleges and incorporates by reference paragraphs 1 through 25 of

this Complaint.

32.     Jewel-Osco's unauthorized use of Jordan's identity, including his name and

persona, in its advertisement was a false or misleading representation of fact that falsely

implies Jordan's endorsement of Jewel-Osco's goods and services.

33.     Jewel-Osco's use of the trademark GOOD THINGS ARE JUST AROUND

THE CORNER in connection with its description of Jordan in its advertisement was a false

or misleading representation of fact that falsely implies Jordan's endorsement of Jewel-

Osco's goods and services.

34.     Jewel-Osco's unauthorized use of Jordan's identity and Jewel-Osco's use of

its own trademark in its description of Jordan:

(a) are likely to cause confusion, mistake or deception as to the affiliation,

connection or association of Jewel-Osco with Jordan or as to the origin, sponsorship or

approval of Jewel-Osco's goods and services by Jordan in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); or

(b) misrepresent the nature, characteristics, or qualities of Jewel-Osco's goods, services, or commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

35. Jordan has been damaged by these acts.

36. This case is an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, Jordan requests that relief be granted in his favor and against Jewel-Osco for (a) damages sustained by Jordan, including Jewel-Osco's profits, in an amount greater than $5,000,000, such damages to be trebled pursuant to 15 U.S.C. § 1117, (b) attorneys' fees and costs, (c) a permanent injunction requiring Jewel-Osco to refrain from any use of Jordan's identity without prior authorization from Jordan, (d) an order requiring Jewel-Osco to place corrective advertising in future issues of *Sports Illustrated* magazine and (e) such other and further relief as the Court deems just and proper.

### COUNT III

### (JORDAN'S CLAIM FOR VIOLATION OF SECTION 43(a) OF THE LANHAM ACT — FALSE DESIGNATION OF ORIGIN)

37. Jordan realleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

38. Jewel-Osco's unauthorized use in interstate commerce of Jordan's identity in connection with the advertisement of its goods and services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Jewel-Osco with Jordan as to the origin, sponsorship, or approval of Jewel-Osco's goods and services by Jordan.

39.     Jordan has been damaged by these acts, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     This case is an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, Jordan requests that relief be granted in their favor and against Jewel-Osco for (a) damages sustained by Jordan, including Jewel-Osco's profits, in an amount greater than $5,000,000, such damages to be trebled pursuant to 15 U.S.C. § 1117, (b) attorneys' fees and costs, (c) a permanent injunction requiring Jewel-Osco to refrain from any use of Jordan's identity without prior authorization from Jordan, (d) an order requiring Jewel-Osco to place corrective advertising in future issues of *Sports Illustrated* magazine and (e) such other and further relief as the Court deems just and proper.

### COUNT IV

### (JORDAN'S CLAIM FOR VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT)

41.     Jordan realleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

42.     Jewel-Osco's acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2 et. seq., in that those acts created a likelihood of confusion or misunderstanding as to Jordan's sponsorship or approval of Jewel-Osco goods or services, or created a likelihood of confusion as to Jewel-Osco affiliation, connection or association with Jordan.

43.     Jewel-Osco's conduct in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act was willful and outrageous, perpetrated by evil motive or with reckless indifference to the rights of others.

44.   Jordan has been damaged by these acts.

WHEREFORE, Jordan requests that relief be granted in his favor and against Jewel-Osco for (a) damages sustained by Jordan in an amount greater than $5,000,000, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Jewel-Osco to refrain from any use of Jordan's identity without prior authorization from Jordan, (e) an order requiring Jewel-Osco to place corrective advertising in future issues of *Sports Illustrated* magazine and (f) such other and further relief as the Court deems just and proper.

## COUNT V

### (JORDAN'S CLAIM FOR COMMON LAW
### UNFAIR COMPETITION)

45.   Jordan realleges and reincorporates by reference paragraphs 1 through 25 of this Complaint.

46.   Jewel-Osco's acts constitute unfair competition under the common law of the State of Illinois.

47.   Jewel-Osco's acts were willful and damaged Jordan.

WHEREFORE, Jordan requests that relief be granted in their favor and against Jewel-Osco for (a) damages sustained by Jordan in an amount greater than $5,000,000, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Jewel-Osco to refrain from any use of Jordan's identity without prior authorization from Jordan, (e) an order requiring Jewel-Osco to place corrective advertising in future issues of *Sports Illustrated* magazine and (f) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Jordan hereby demands a trial by jury.


Dated:  December 21, 2009                    SCHIFF HARDIN LLP


                                             By:   _____
                                                   Frederick J. Sperling
                                                   Sondra A. Hemeryck
                                                   Clay A. Tillack

                                                   233 South Wacker Drive, Suite 6600
                                                   Chicago, Illinois 60606
                                                   (312) 258-5500
                                                   Attorney No. 90219

                                                   Attorneys for Plaintiff
                                                   Michael Jordan

EXHIBIT A

# A Shoe In!

After six NBA championships, scores of rewritten record books and numerous buzzer beaters, Michael Jordan's elevation in the Basketball Hall of Fame was never in doubt! Jewel-Osco salutes #23 on his many accomplishments as we honor a fellow Chicagoan who was "just around the corner" for so many years.

**Jewel-Osco**

*Good things* are just around the corner.™

**Exhibit A**

EXHIBIT B

**Int. Cls.: 35, 41 and 42**

**Prior U.S. Cls.: 100, 101 and 107**

Reg. No. 1,487,719

# United States Patent and Trademark Office
Registered May 10, 1988

## SERVICE MARK
## PRINCIPAL REGISTER

## MICHAEL JORDAN

JORDAN, MICHAEL (UNITED STATES CITI-
ZEN)
2559 ESSEX ROAD
NORTH BROOK, IL 60062

FOR: PROMOTING THE GOODS AND/OR
SERVICES OF OTHERS THROUGH THE ISSU-
ANCE OF PRODUCT ENDORSEMENTS, IN
CLASS 35 (U.S. CL. 101).
FIRST USE 9-1-1984; IN COMMERCE
9-1-1984.
FOR: CONDUCTING SPORTS CLINICS AND
SPORTS CAMPS FOR OTHERS; ENTERTAIN-
MENT SERVICES - NAMELY, STAGING
ACTING PERFORMANCES FOR OTHERS;

EDUCATIONAL SERVICES IN THE NATURE
OF LECTURES, IN CLASS 41 (U.S. CL. 107).
FIRST USE 9-1-1984; IN COMMERCE
9-1-1984.
FOR: COUNSELING SERVICES IN THE
FIELDS OF CONTROLLED SUBSTANCE
ABUSE AND ALCOHOL ABUSE; CAREER
AND STAY-IN SCHOOL COUNSELING SERV-
ICES, IN CLASS 42 (U.S. CL. 100).
FIRST USE 9-1-1984; IN COMMERCE
9-1-1984.

SER. NO. 607,729, FILED 7-3-1986.

RUSS HERMAN, EXAMINING ATTORNEY

**Exhibit B**

UNITED STATES AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 1487719    SERIAL NO: 73/607729    MAILING DATE: 09/10/2008
REGISTRATION DATE: 05/10/1988
MARK: MICHAEL JORDAN
REGISTRATION OWNER: JUMP 23, INC.

CORRESPONDENCE ADDRESS:

Clay A. Tillack
Schiff Hardin LLP
P.O. Box 06079
Chicago IL 60606-0079

# NOTICE OF ACCEPTANCE

15 U.S.C. Sec. 1058(a)(3)

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058. ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

••••••••••••••••••••••••••••••••••••••••••••••••••

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
041, 035.

CONLEY, JOYCE MARIE
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

ORIGINAL

REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION I) **SECTION 8: AFFIDAVIT OF CONTINUED USE** The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration. **Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**
II) **SECTION 9: APPLICATION FOR RENEWAL** The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an

Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration. **Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

Document Description: **Notice Of Renewal**
Mail / Create Date: **10-Sep-2008**





### UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 1487719    SERIAL NO: 73/607729    MAILING DATE: 09/10/2008
REGISTRATION DATE: 05/10/1988
MARK: MICHAEL JORDAN
REGISTRATION OWNER: JUMP 23, INC.

**CORRESPONDENCE ADDRESS:**

Clay A. Tillack
Schiff Hardin LLP
P.O. Box 06079
Chicago IL 60606-0079

# NOTICE OF RENEWAL
15 U.S.C. Sec. 1059(a)

THE RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS
OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1059.

**ACCORDINGLY, THE REGISTRATION IS RENEWED.**

..............................................

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
041, 035.

CONLEY, JOYCE MARIE
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

ORIGINAL

REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION

I) SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

II) SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- *General trademark information: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- *Technical help: For instructions on how to use TDR, or help in resolving technical glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- *Questions about USPTO programs: Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**EXHIBIT C**

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

Reg. No. 2,547,960

United States Patent and Trademark Office        Registered Mar. 12, 2002

## SERVICE MARK
## PRINCIPAL REGISTER

## 23

JUMP HIGHER, L.L.C. (DELAWARE LIMITED
    LIABILITY COMPANY)
1393 W. LAKE ST., SUITE 3
CHICAGO, IL 60607

    FOR: BAR, RESTAURANT AND CATERING SER-
VICES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 10-21-1999; IN COMMERCE 10-21-1999.

SN 75-780,614, FILED 8-18-1999.

JOHN HWANG, EXAMINING ATTORNEY

Exhibit C

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 2547960    SERIAL NO: 75/780614    MAILING DATE: 03/20/2008
REGISTRATION DATE: 03/12/2002
MARK: 23
REGISTRATION OWNER: JUMP 23, INC.

CORRESPONDENCE ADDRESS:

Clay A. Tillack
SCHIFF HARDIN LLP
P.O. Box 06079
CHICAGO IL 60606-0079

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

·············································

# NOTICE OF ACKNOWLEDGEMENT
15 U.S.C. Sec. 1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 15 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.

·············································

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
042.

HENSON, EVERETT J
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION
ORIGINAL

REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATIONI) **SECTION 8: AFFIDAVIT OF CONTINUED USE** The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration. **Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**
II) **SECTION 9: APPLICATION FOR RENEWAL** The registration shall remain in force for 10 years,

subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration. **Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**