IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 10-cv-00340 |
| JEWEL FOOD STORES, INC., and ) | |
| SUPERVALU INC., ) | Judge Gary Feinerman |
| ) | |
| Defendants/Third-Party Plaintiffs, ) | Magistrate Judge Michael T. Mason |
| ) | |
| v. ) | |
| ) | |
| TIME INC. and VERTIS, INC., ) | |
| ) | |
| Third-Party Defendants. ) | |

**PLAINTIFF MICHAEL JORDAN'S MEMORANDUM
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Michael Jordan, by his attorneys, submits this memorandum in support of his motion for summary judgment on Count I of his Amended Complaint (Violation of the Illinois Right of Publicity Act). As set forth below, the undisputed facts establish that Defendants Jewel Food Stores, Inc. and Supervalu Inc. used Jordan's identity without his consent and for a commercial purpose in violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1-60 (the "Publicity Act"). Summary judgment should therefore be granted in favor of Jordan on Count I.

**INTRODUCTION**

In 2009, the magazine *Sports Illustrated Presents* distributed a commemorative issue entitled *Jordan: Celebrating a Hall of Fame Career.* Included in that issue was an advertisement for Jewel authorized and created by Defendants. Although the Jewel advertisement congratulates Jordan on his induction into the Basketball Hall of Fame, it goes well beyond that

by appropriating Jordan's name and persona in connection with the promotion of Defendants' goods and services through the use of their Jewel-Osco stylized logo and marketing slogan "Good things are just around the corner." Defendants admit they never asked for or received Jordan's permission in connection with the ad.

In order to prevail on his claim under the Illinois Publicity Act, Jordan needs to show only that his identity was used for a commercial purpose without his previous written consent. He clearly has done so. "[T]he ad's commercial nature is readily apparent." *Jordan v. Jewel Food Stores, Inc.*, 2014 WL 627603, at *8 (7th Cir., Feb. 19, 2014). It "is a form of image advertising aimed at promoting goodwill for the Jewel-Osco brand by exploiting public affection for Jordan at an auspicious moment in his career." *Id.* Defendants admit that they did not seek or obtain Jordan's permission to use any aspects of his persona, including his name and the number 23, in the ad. Accordingly, summary judgment should be awarded to Jordan on Count I.

## ARGUMENT

### I. The Standard For Granting Of Summary Judgment.

Rule 56 requires that the Court "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party opposing summary judgment must counter with evidentiary submissions and may not merely rely on the pleadings. *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010).

### II. Defendants Violated The Illinois Right Of Publicity Act.

Under the Illinois Right of Publicity Act, "[a] person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent." 765 ILCS § 1075/30(a) (2012). The Seventh Circuit has explained that the

purpose of the Right of Publicity Act is to allow a person to control the commercial value of his or her identity. *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005).

### A. Defendants Used Jordan's Identity.

The Right of Publicity Act defines identity as "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice." 765 ILCS § 1075/5. *See Bi-Rite Enters. Inc. v. Button Master*, 555 F. Supp. 1188, 1199 (S.D.N.Y. 1983) (applying Illinois law and defining the "persona" protected by the right of publicity as "the public image that makes people want to identify with the object person, and thereby imbues his name or likeness with commercial value marketable to those that seek such identification").

Jordan's identity includes, among other things, his name and his number 23, with which he has been associated during and since his basketball playing career. SOF[1] ¶¶ 6, 8.

There is no dispute that Defendants used Jordan's identity in their ad, which is reproduced here:

---

[1] "SOF" refers to Plaintiff's Statement of Undisputed Facts.



SOF ¶¶ 4-6; SOF Ex. A.

Defendants have admitted they used the elements of Jordan's identity in the ad, including the possessive form of the name MICHAEL JORDAN and his number 23. SOF ¶¶ 6, 7. The possessive form of the name MICHAEL JORDAN and his number 23 (both trademarks registered to Jordan or his affiliated companies, SOF ¶¶ 8, 9) are prominently featured in the text of the ad and on the shoes depicted in the bottom half of the ad *Id.* ¶ 5, SOF Ex. A.

Thus, the undisputed material facts demonstrate that Defendants used Jordan's identity in their ad.

### B. Defendants Did Not Obtain Jordan's Consent.

Defendants have admitted "that they did not receive permission of any kind from Jordan" in connection with the ad and "that they did not request Jordan's consent." SOF ¶¶ 10, 11.

### C. Defendants' Unauthorized Use of Jordan's Identity Was For A Commercial Purpose As Defined By The Act.

The Publicity Act requires a "commercial purpose" for the use of the identity and defines it, in relevant part, as "the public use or holding out of an individual's identity . . . on or in connection with the offering for sale or sale of a product, merchandise, goods, or services [or] for purposes of advertising or promoting products, merchandise, goods, or services." 765 ILCS § 1075/5. In *Jordan v. Jewel* the Seventh Circuit held that Jewel's ad is commercial speech and has a commercial function, explaining:

> Jewel's ad served two functions: congratulating Jordan on his induction into the Hall of Fame and promoting Jewel's supermarkets.
>
> \*   \*   \*
>
> [C]onsidered in context and without the rose-colored glasses, Jewel's ad has an unmistakable commercial function: enhancing the Jewel-Osco brand in the minds of consumers. This commercial message is implicit but easily inferred, and is the dominant one.
>
> \*   \*   \*

-5-

> [A]n ad congratulating a famous athlete can only be understood as a promotional device for the advertiser.
>
> *   *   *
>
> The ad is plainly aimed at fostering goodwill for the Jewel brand among the targeted consumer group – "fellow Chicagoans" and fans of Michael Jordan – for the purpose of increasing patronage at Jewel-Osco stores.

*Jordan*, 2014 WL 627603, at *7. Thus, Defendants' ad used Michael Jordan's identity for a commercial purpose, placing it squarely within the Publicity Act's prohibited conduct.

## CONCLUSION

Defendants used Jordan's identity without his consent in connection with the promotion and advertising of Defendants' supermarkets. They are therefore liable for violation of the Illinois Right of Publicity Act. Accordingly, Jordan requests that this Court grant him summary judgment on Count I of his Amended Complaint (Violation of the Illinois Right of Publicity Act).

Dated: March 13, 2014        /s/ Frederick J. Sperling
                             Frederick J. Sperling
                             Sondra A. Hemeryck
                             Clay A. Tillack

                             SCHIFF HARDIN LLP
                             233 South Wacker Drive, Suite 6600
                             Chicago, Illinois 60606
                             (312) 258-5500

                             Attorneys for Plaintiff
                             Michael Jordan

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2014 I electronically filed the foregoing Plaintiff Michael Jordan's Memorandum in Support of His Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system, which will cause an electronic copy to be served on counsel of record.

/s/ Clay A. Tillack