IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JORDAN, | Civil Action No. 10-340 |
| Plaintiff, | |
| v. | Judge Gary Feinerman |
| JEWEL FOOD STORES, INC., and | Magistrate Judge Michael T. Mason |
| SUPERVALU INC. | |
| Third-Party Plaintiffs/Defendants, | **REDACTED** |
| v. | |
| TIME INC. and VERTIS, INC. | |
| Third-Party Defendants | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF MICHAEL JORDAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### INTRODUCTION

Genuine issues of material fact exist making summary judgment inappropriate on Jordan's Illinois Right of Publicity Act ("IRPA") claim. First, it has recently come to Defendants' attention that Jordan lacks standing to assert his publicity rights because he assigned those rights to Jump 23, Inc. ("Jump 23") prior to filing his complaint. Jump 23 is not a plaintiff and the IRPA one-year statute of limitations precludes adding Jump 23 at this time.

Second, Jordan's claim under the IRPA presents a number of factual questions that must be presented to the jury. Unlike commercial speech, the separate determination of whether

1

Defendants' tribute was created for a "commercial purpose" under the IRPA is a question of fact for the jury. The definition of "commercial purpose" under the IRPA is narrower than commercial speech under the First Amendment, and is more focused on specific products and services. Jewel's witnesses testified that the tribute congratulates Jordan and does not promote products, goods, or services sold by Jewel. Jordan admitted, this Court found, and the appellate court confirmed, that Jewel's page does not include a single word or image referring to any products, goods, or services Jewel sells. Even this Court's finding that "readers would be at a loss to explain what they have been invited to buy" demonstrates that reasonable minds can differ on whether the Defendants' tribute uses Jordan's identity for a commercial purpose, thus requiring a trial.

Third, any application of the IRPA to Defendants' tribute to Jordan would violate the First Amendment protections provided to commercial speech. As this Court and the appellate court both recognized, no consumer who viewed Defendants' tribute to Jordan could come to the conclusion that Jordan endorsed or was otherwise related to Defendants' stores. Jordan's reading of the IRPA to require only commercial speech and use of his name is too broad and would violate the commercial speech protections. It would create a strict liability law that would be violated by most company's websites and online directories that include names and images of individuals.

Genuine issues of material fact exist regarding Jordan's standing under the IRPA, the factual nature of the IRPA's "commercial purpose" requirement, and the First Amendment's protection of commercial speech making Jordan's motion for summary judgment inappropriate.

**ARGUMENT**

I.       **There Is An Issue Of Fact As To Whether Jordan Has Standing Under The IRPA.**

      Defendants have recently learned that Jordan lacks standing to pursue this action against Defendants and did not have standing at the time he filed his Complaint initiating this action. When Jordan initiated this action in state court on December 21, 2009, Jordan's publicity rights, including any rights in his identity, were owned by a third party, Jump 23, Inc. ("Jump 23"). Jordan, the only plaintiff, has not, at any time during the pendency of this lawsuit, owned any of the rights of publicity associated with his identity.

      After the mandate, the parties agreed that Defendants can use in this case the depositions taken in *Jordan et al. v. Dominick's Finer Foods, LLC, et al.*, Civ. No. 10-CV-00407 (N.D. Ill) (the "Dominick's Action"), so as to eliminate or reduce the number of additional depositions in this case. Defendants recently received a copy of Estee Portnoy's deposition taken in the Dominick's Action. ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████



Even this Court, in a previous action involving both Jordan and Jump, found that Jump was the owner of Jordan's name, likeness, voice and persona. *MJ & Partners Rest. Ltd. Partnership v. Zadikoff*, 10 F.Supp.2d 922, 927 (N.D. Ill 1998) ("In this case the owner of the Name is Jordan's wholly-owned company, Jump.")

The IRPA expressly provides that one's right of publicity can be assigned in whole or in part. § 765 ILCS 1075/15. Jordan's motion for summary judgment relies, in part, on the trademark MICHAEL JORDAN. The file history of that trademark demonstrates that Jordan also assigned his rights in that mark to Jump 23. (SOF ¶ 6.) The file history further reveals that another agreement exists between Jordan and Jump 23. (*Id.*) Despite Defendants' attempts to obtain all of Jordan's agreements regarding his right of publicity, including the "separately documented assignment" referred to in the file history and agreements with companies he

4

organized, such as Jump and Jump 23, Jordan has refused to search for all such agreements or claimed that no such documents exist, despite express evidence to the contrary. (*Id.*)

The facts above demonstrate that a genuine issue of material fact exists as to whether Jordan assigned his right of publicity to Jump 23, which is not a party to the lawsuit[1] and cannot become one given that the one-year statute of limitations applicable to the IRPA has passed. *See Berry v. Ford Modeling Agency*, No. 09-cv-8076, 2012 U.S. Dist. LEXIS 160800, *7 (N.D. Ill. Nov. 9, 2012) (one-year statute of limitations for IRPA claims). Jordan's assignment of his rights of publicity to Jump 23 defeats his standing in this case because Jump 23 is the exclusive owner of those rights. *See Apple Corps. v. Button Master*, Case No. 96-5470, 1998 U.S. Dist. LEXIS 3366, *43 (E.D. Pa. Mar. 19, 1998) (discussing the Beatles' transfer of their publicity rights to Apple Corps. and its impact on standing: "Apple is therefore the exclusive owner of the right of publicity."); s*ee also Walker v. Univ. Books, Inc.*, 602 F.2d 859 (9th Cir. 1979) (assignor of copyright with royalty interest lacked standing).

**II.     Whether Defendants Used Jordan's Identity For "Commercial Purposes" Is A Factual Inquiry That Must Be Presented To The Jury.**

Unlike the Seventh Circuit's determination of whether Jewel's congratulation constitutes commercial speech, determining whether an individual's identity was used for a "commercial purpose" under the IRPA is a question of fact for the jury. *Abbs v. Lily's Talent Agency, LLC*, No. 1-10-3726, 2012 Ill. App. Unpub. LEXIS 2362, at *13 (Ill. Ct. App. Sept. 26, 2012); *Brown v. ACMI Pop Div.*, 873 N.E.2d 954, 962 (Ill. Ct. App. 2007); *see also O'Grady v. Twentieth Century Fox Film Corp.*, No. 5:02CV173, 2003 U.S. Dist. LEXIS 24936, at *27 (E.D. Tex. Dec. 19, 2003). Genuine issues of material fact exist as to whether Defendants' tribute used Jordan's identity for "commercial purposes."

---

[1] Jump 23 is a plaintiff in the lawsuit against Dominick's.

The IRPA provides that "[a] person may not use an individual's identity *for commercial purposes* . . . without having obtained previous written consent . . . ." 765 ILCS 1075/30 (emphasis added). "Commercial purpose" under the IRPA is specifically defined in a manner that is narrower than the boundaries of "commercial speech" that are relevant to First Amendment issues:

> "Commercial purpose" means the public use or holding out of an individual's identity (i) *on or in connection with the offering for sale or sale of a product, merchandise, goods, or services*; (2) *for purposes of advertising or promoting products, merchandise, goods, or services*; or (iii) for the purpose of fundraising.
>
> 765 ILCS 1075/5 (emphasis added).

Jordan has proffered no evidence demonstrating that Jewel published its congratulatory message for a "commercial purpose" under the IRPA, and factual questions regarding whether such a commercial purpose was at play defeat summary judgment.

For example, Jewel employees testified that the page was a tribute and not an advertisement or promotion of any products, goods, or services that Jewel sells. (SOF ¶¶ 13-16.) Jordan admitted that Defendants' page does not contain products, goods, or merchandise that Jewel sells. (SOF ¶¶ 21-23.) Even this Court's conclusion, after reviewing Jewel's page, that "readers would be at a loss to explain what they have been invited to buy" demonstrates that reasonable minds can differ on whether the page uses Jordan's identity for a commercial purpose, thus requiring a trial. (Doc. No 198 at 6.)

In attempting to demonstrate no factual issues remain, Jordan primarily relies on the Seventh Circuit's opinion. However, Jordan's reliance is misplaced. The issue presented to the Seventh Circuit was limited to whether Defendants' tribute, as a whole, constituted commercial or noncommercial speech under the First Amendment. The appellate court decided only that the speech was commercial under the *Bolger* framework. *Jordan v. Jewel Food Stores, Inc.*, 209

U.S.P.Q.2d 1789, 1790 (7th Cir. 2014). Importantly, the appellate court did not decide whether Defendant's tribute amounted to a use of Jordan's identity for commercial purposes under the IRPA. *Id*. at 1790 ("The ad is commercial speech and thus is subject to the laws Jordan invokes here. The substance of Jordan's case remains untested, however; the district court's First Amendment ruling halted further consideration of the merits. We remand for further proceedings"). Indeed, the Seventh Circuit explicitly explained that its decision was limited to the constitutional issue before it and not whether Defendants violated the IRPA. *Id.* at 1791 n.4. In contrast to the questions of commercial speech addressed by the Seventh Circuit, the IRPA poses a narrower question, i.e. whether an individual's identity has been used ***on or in connection with the offering for sale or sale of a product, merchandise, goods, or services***; or ***for purposes of advertising or promoting products, merchandise, goods, or services.*** Commercial purpose under the IRPA prohibits the use of another's likeness or identity in a commercial transaction or in the advertisement or promotion of such a transaction. *See Abbs*, 2012 Ill. App. Unpub. LEXIS 2362, at *15 (plain language of statute controls). Commercial speech under constitutional First Amendment inquiry is not so limited. If the Illinois legislature intended to define "commercial purpose" as broadly as all "commercial speech," it would have done so. It did not. *Id*. at *16-17 (plain language of statute controls).

  Jordan must do more than simply prove that Defendants' speech was commercial and included his name. Jordan must prove that Defendants used his identity on or in connection with offers to sell, sales, advertising, or promotions of products, merchandise, goods, or services. The appellate court's decision did not hold that Defendants used Jordan's identity on or in connection with the sale of its products. To the contrary, the appellate court found that Defendants' tribute does not "contain [] a single word about the specific products that Jewel-Osco sells, nor any product-specific art or photography." *Jordan,* 109 U.S.P.Q.2d at 1795. Jewel's own employees

testified at deposition that salutations like Defendants' tribute do not drive sales and that its only motivation for placing the tribute in *Sports Illustrated* was based on its efforts to be "a good citizen[] of Chicago." (SOF 17-18.) A reasonable jury could conclude that Defendants' message was not made for a commercial purpose, based upon the complete lack of any reference to products or services in that message, and, therefore, that Jewel's congratulation was not a violation of the IRPA.

The appellate court based its commercial-speech decision on a finding that Jewel's congratulation, although it did not expressly mention any products or services offered by Jewel, nonetheless contained a commercial message that was generic and implicit. *Jordan,* 109 U.S.P.Q.2d at 1795. The appellate court found that the piece constituted "brand advertising" or "image advertising" even if no specific good or service was being promoted. *Id*. at 1795 ("It promotes brand loyalty rather than a specific product"). However, the IRPA expressly focuses on products and services, and makes no mention that use of an individual's identity in "generic or implied" brand advertising can be a violation.

Moreover, even if an implied form of brand advertising may violate the IRPA, this Court has held that determining the meaning of an implied advertising message is an issue of fact for the jury, and inappropriate for summary judgment. *See e.g. LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 661 F. Supp. 2d 940, 950 (N.D. Ill. 2009) ("material issues of fact remain as to whether Whirlpool's claims necessarily imply an unambiguously false message"); *see also O'Grady,* 2003 U.S. Dist. LEXIS 24936, *48 ("genuine issue of material fact that the November 28 Rebroadcast delivered a false implied endorsement message to consumers"); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 27 F. Supp. 2d 1043, 1048 (N.D. Ill. 1998) *aff'd,* 191 F.3d 813 (7th Cir. 1999). The appellate court determined that any commercial aspects of Jewel's congratulatory piece were not express, but implied. *Jordan,* 109 U.S.P.Q.2d at 1795 ("This commercial message is

8

implicit but easily inferred . . . ."). Whether those implied advertising messages constitute the promotion of specific goods or services sufficient to invoke IRPA should be a question for a jury.

The determination of whether Defendants used Jordan's identity for commercial purposes under the IRPA is a highly factual one and reasonable jurors could differ. A jury should make that determination based on all of the evidence in this case.

### III. To The Extent The IRPA Applies To Defendants' Tribute To Jordan, It Violates First Amendment Protections Provided To Commercial Speech.

Though commercial speech does not receive the same level of protection under the First Amendment as noncommercial speech, it cannot be regulated arbitrarily. *Cent. Hudson Gas & Elect. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 562-63 (1980). Instead, the First Amendment requires that any regulation of commercial speech "directly advance[s]" a "substantial interest" and "not [be] more extensive than necessary to serve that interest." *Id.* at 564, 566. If a regulation is more extensive than necessary to advance a substantial state interest, it is invalid. City of Cincinnati v. Discovery Network, Inc., et al., 507 U.S. 410, (1993).

Under Jordan's reading of the IRPA as applied to Defendants' tribute, the IRPA is more extensive than necessary to advance Illinois' interest. *City of Cincinnati v. Discovery Network, Inc., et al.,* 507 U.S. 410, 430-431 (1993). As mentioned above, the legislature's intended meaning of "commercial purpose" was to prohibit transactions where an individual was using another's likeness or identity in a commercial transaction for goods or services or in promotion of such a transaction. *Abbs*, 2012 Ill. App. Unpub. LEXIS 2362, *15. Genuine factual issues exists as to whether Defendants used Jordan's identity in this fashion. Jordan's reading of the IRPA – that use of Jordan's name without his permission in any commercial speech is a violation – itself violates the protection of commercial speech because it is not tied to the use of Jordan's

identity for a commercial purpose. For this additional reason, the Court should deny Jordan's motion.

## CONCLUSION

In view of the above, Defendants respectfully request that the Court deny Jordan's motion for summary judgment.

Respectfully Submitted,

Date: April 18, 2014
s/Anthony R. Zeuli_____
Anthony R. Zeuli (IL #6231415, MN #274884)
Scott W. Johnston (MN #247558)
Eric R. Chad (MN #388944)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

David E. Morrison
Oscar L. Alcantara
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

*Attorneys for Jewel Food Stores, Inc. and SUPERVALU INC.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 18, 2014, I electronically filed the foregoing REDACTED Defendants' Opposition to Plaintiff Michael Jordan's Motion for Partial Summary Judgment with the Clerk of the Court using the CM/ECF system, which will cause an electronic copy to be served on counsel of record.

                                      /s/ Anthony R. Zeuli