UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 340 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| JEWEL FOOD STORES, INC., and SUPERVALU INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This opinion is a sequel to the court's decision denying Michael Jordan's motion for summary judgment as to liability on his claim against Jewel Food Stores and Supervalu (together, "Jewel") under the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq*. Docs. 342-343 (reported at __ F. Supp. 3d __, 2015 WL 1204282 (N.D. Ill. Mar. 12, 2015)), *reconsideration denied*, Doc. 354. At a recent hearing, Jewel argued—as it did in its brief opposing summary judgment, Doc. 298 at 3-5— that Jordan lacks standing to pursue this suit because he has transferred all rights to his likeness to an entity called "Jump 23, Inc.," which is not a plaintiff here. Doc. 354. Jewel filed a supplemental brief on the standing issue. Doc. 355. Jordan at first informed the court in a letter that he would rely on the arguments presented in his summary judgment reply brief, Doc. 305 at 2-10, but he then sought and received leave to file his own supplemental brief, Docs. 357, 360, 361.

A motion to dismiss for lack of Article III standing may be made at any time; indeed, the court has an obligation to ensure that the plaintiff has standing even if the parties do not raise the issue. *See Alabama Legislative Black Caucus v. Alabama*, 135 S. Ct. 1257, 1269 (2015) ("the District Court had an independent obligation to confirm its jurisdiction, even in the absence of a

1

… challenge [by the defendant]"). But Jewel's submission, properly understood, challenges not Jordan's Article III standing, but rather his statutory right to bring suit under the IRPA. As Jewel argues:

> [U]nder the IRPA, standing is conferred upon an individual (765 ILCS 1075/20(a)(1), or upon the individual's transferee (765 ILCS 1075/20(a)(2). The statute, using the disjunctive "or" does not confer standing upon an individual who has transferred his or her rights to a third-party.

Doc. 355 at 3. Although it deploys the word "standing," Jewel in essence asks "whether [Jordan] falls within the class of plaintiffs whom [the Illinois General Assembly] has authorized to sue under" the IRPA, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014) (internal quotation marks omitted)—that is, whether he has a viable claim under the IRPA—and not whether he has suffered "a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision," *id.* at 1386—that is, whether he has Article III standing.

The operative complaint alleges that Jordan suffered economic harm when Jewel, without his authorization, used his identity in an advertisement. Doc. 340. Accordingly, regardless of whether he has a viable IRPA claim, it is beyond any reasonable dispute that Jordan has adequately alleged a concrete injury in fact that is traceable to Jewel's conduct, and therefore that he has Article III standing. *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 642-43 (2002) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case.") (internal quotation marks omitted); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 (1998) ("an issue of *statutory* standing … has nothing to do with whether there is case or controversy under Article III"); *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013) ("The complaint alleges that plaintiff suffered

injury and seeks money damages; standing to sue and justiciability cannot be doubted. … [But] [t]he complaint does not state a claim on which relief may be granted and therefore should have been dismissed under Fed. R. Civ. P. 12(b)(6)."); *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) ("If the case goes to trial, this plaintiff may fail to prove injury. But when a plaintiff loses a case because he cannot prove injury the suit is not dismissed for lack of jurisdiction. Jurisdiction established at the pleading stage by a claim of injury … is not lost when at trial the plaintiff fails to substantiate the allegation of injury; instead the suit is dismissed on the merits."); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 501 (7th Cir. 2005) ("Ho-Chunk's position relies upon one particular interpretation of the IGRA. But the Article III requirement of remediable injury in fact (except with regard to entirely frivolous claims) has nothing to do with the text of the statute relied upon.") (internal quotation and alteration marks omitted).

*Lexmark International* makes clear that "statutory standing" presents a merits and not a jurisdictional issue. *See* 134 S. Ct. at 1388 n.4 ("'statutory standing' … does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case") (internal quotation marks omitted). And the court need not dismiss a suit on a non-jurisdictional ground not timely raised by the defendant. Perhaps recognizing this, Jewel captioned its supplemental brief not as one to dismiss under Federal Rule of Civil Procedure 12(b)(1), but as being "in support of [its] motion for summary judgment for lack of standing." Doc. 355 at 1 (capitalization normalized). But Jewel has not moved for summary judgment for lack of constitutional or statutory standing. (Jewel did move for summary judgment earlier in the case on First Amendment grounds, Doc. 72, but this court's grant of that motion was vacated on appeal, 743 F.3d 509 (7th Cir. 2014), and Jewel never again moved for summary judgment, on

3

standing or any other grounds.)  Rather, Jewel raised its statutory standing argument in *opposition to* Jordan's summary judgment motion, Doc. 298 at 3-5, which the court denied on other grounds without reaching the statutory standing issue.

Even if the court were to accept Jewel's submission as a belated summary judgment motion, the motion still would be denied.  Jewel argues that Jordan transferred all rights in his likeness to Jump 23, and therefore that he cannot maintain an action under the IRPA.  Doc. 355 at 3-5.  Jordan retorts that Jump 23 is merely his loan-out company and that he retains ownership of his likeness.  Doc. 305 at 3-4; Doc. 306-1 (Jordan's sworn declaration averring that "I have never assigned to any person or entity my identity or my right of publicity").  Jordan also denies having orally transferred his identity rights, and points out that the IRPA requires a written assignment anyway.  Doc. 357-1 at 2-3.  On these contested issues of material fact, the court at this juncture must side with Jordan, the non-movant, and taking Jordan's version of the facts as true, he is an appropriate plaintiff under the IRPA.

Accordingly, Jewel's motion is denied.  To avoid the possible distraction that this issue could pose at trial, Jordan might consider moving to amend his complaint to add Jump 23 as a party plaintiff.  Jewel would be entitled to oppose such a motion, and the court of course cannot determine at this point whether the motion would be granted, but if it were granted, the trial would be made simpler, which may counsel in favor of Jordan's at least giving it a try.

June 5, 2015

United States District Judge

4