**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL JORDAN, | Civil Action No. 10-340 |
| Plaintiff, | Judge Gary Feinerman |
| v. | |
| | Magistrate Judge Michael T. Mason |
| JEWEL FOOD STORES, INC. and SUPERVALU INC. | |
| Third-Party Plaintiffs/Defendants, | |
| v. | |
| TIME INC. and VERTIS, INC. | |
| Third-Party Defendants. | |

**DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE THE TESTIMONY OF GREGORY S. CARPENTER**

Defendants Jewel Food Stores, Inc. and SUPERVALU Inc. (collectively "Jewel") hereby move the Court *in limine* to exclude the testimony of Gregory S. Carpenter, Plaintiff's liability opinion witness disclosed under Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702, for the following reasons: (1) testimony regarding the intent, state of mind, and perception of others is uniformly rejected because these are issues equally within the competence of jurors to understand; (2) testimony that is unsupported *ipse dixit* is uniformly rejected as unreliable due to the gap between the underlying data and the expert's opinion; and (3) testimony that summarizes the factual record is improper because it dresses up factual testimony in expert garb, usurps the role of the fact finder, and is redundant. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

**I.      Introduction**

1.      The only liability issues that remain in this case are: (1) whether Jewel's page-at-issue implies a "commercial purpose" as defined by the Illinois Right of Publicity Act ("IRPA"); (2) whether Jewel used Jordan's identity for a "commercial purpose" in its page; and (3) whether Jordan still owns the rights that he is asserting.

2.      Plaintiff intends to rely on the opinions of Dr. Carpenter to prove the first issue above: that Jewel's page satisfies the "commercial purpose" definition of the IRPA. Specifically, Plaintiff seeks to rely on Dr. Carpenter to prove Plaintiff's view of the message implied by Jewel's page: that it promotes and advertises every Jewel-Osco good and service. Plaintiff's reliance on Dr. Carpenter is improper and must fail because his opinions fall far short of the reliability standards required by Fed. R. Evid. 702.

3.      Dr. Carpenter's opinions total one paragraph. (Ex. A at ¶ 22.) In four sentences, Dr. Carpenter concludes that Jewel's page is an advertisement, how consumers interpret Jewel's page, Jewel's intent behind the page, and that the page promotes and advertises every Jewel-Osco product and service. (*Id*.) Dr. Carpenter reached these conclusions without interviewing anyone that actually saw Jewel's page, without conducting a single consumer survey, and without analyzing any market data. (Deposition of Gregory Carpenter, Ex. B at 54:11-56:3, 58:11-13, 62:5-9.) Dr. Carpenter did not test his conclusions. (*Id*. at 61:12-19.) He could have, but concluded it was not relevant to the only question he was asked to address: whether Jewel's page was an advertisement. (*Id*. at 58:14-59:8, 61:23-62:4.)

4.      Whether Jewel's page is an advertisement is not an issue in this case because it is not an element of the IRPA and the Court of Appeals has already determined that Jewel's page is image advertising. Rather, the issue is whether the message implied by Jewel's page uses

Jordan's identity to advertise or promote Jewel's goods and services. Dr. Carpenter's remaining opinions are nothing more than unsupported, untested testimony concerning the perception of others, Jewel's state of mind, and Dr. Carpenter's affirmance of Plaintiff's view of Jewel's page. This type of unsupported expert testimony is uniformly rejected because it is not based on any reliable, reproducible analysis but rather is based solely on Dr. Carpenter's view of Jewel's page. *Zenith Elec. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 419 (7th Cir. 2005) (Holding that "[a] witness who invokes 'my expertise' rather than analytic strategies widely used by specialists is not an expert [under] Rule 702."); *Sanny v. Trek Bicycle Corp.*, No. 11-2936, 2013 U.S. Dist. LEXIS 65559, at *46-7 (D. Minn. May 8, 2013) (Excluding and finding expert testimony unhelpful where expert "simply affirm[ed] Plaintiffs' view of the evidence without adding insight"); *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) (Affirming the district court's refusal to admit expert evidence because, in part, the experts did not bring their expertise to bear).

## II. Brief Statement Of Relevant Facts

5. On April 17, 2015, Plaintiff disclosed Dr. Carpenter pursuant to Fed. R. Civ. P. 26(a)(2) and Rule 702 and provided his report which is attached hereto as Ex. A.

6. Plaintiff requested and Dr. Carpenter provided his "opinion regarding the Jewel-Osco advertisement at issue in this case." (Ex. A at ¶ 3.)

7. Dr. Carpenter's report covers twenty-two (22) paragraphs. Dr. Carpenter sets forth the standard requirements for an expert report in paragraphs 1-4, including compensation and qualifications. (*Id*. at ¶¶ 1-4.) In paragraph 5-17, Dr. Carpenter discusses general brand principles without any application to the facts in this case: paragraphs 5-8 generally discuss the purpose of a brand and paragraphs 9-17 generally discuss the creation of brand meaning. (*Id*. at

3

¶¶ 5-17.) Dr. Carpenter merely summarizes the factual record in paragraphs 18-21. (*Id*. at ¶¶ 18-21.) The last paragraph of Dr. Carpenter's report, paragraph 22, sets forth the entirety of his opinions:

> The communication at issue in this case is an advertisement. It informs consumers about Jewel-Osco, it conveys the meaning of the Jewel-Osco brand as its owners intend, and it proposes a commercial transaction with current and potential customers. The communication proposes a transaction for all goods and services that bear or are associated with the Jewel-Osco brand and brand slogan, just as other ads including Michael Jordan do for Nike and other ads cited in this Report do for their sponsors. The ad promotes and advertises all of Jewel-Osco's goods and services.

(*Id*. at ¶ 22.)

8. The report is a complete statement of all of Dr. Carpenter's opinions in this case. (Ex. B at 7:12-18.) It contains all the information necessary for the Court to evaluate his opinions. (*Id*. at 10:7-10.)

9. In other cases, Dr. Carpenter relied on consumer surveys to determine consumer perception. (*Id*. at 15:7-14, 21:25-22:2). He did not in this case. (*Id*. at 58:11-13.) Dr. Carpenter did not review any data regarding consumers' perception of Jewel's page. (*Id*. at 62:5-9.) He explained that he was not asked to determine consumer perception of Jewel's page, but only whether the page was an advertisement or not. (*Id*. at 58:14-59:8.)

10. Dr. Carpenter could not recall ever having given an opinion, before this case, as to whether a communication, having no specific products or services, was an advertisement. This is the first time he has ever opined on whether a communication promotes or advertises all goods and services of the speaker. (*Id*. at 39:3-21, 40:12-41:10.)

11. Dr. Carpenter testified that the context in which a communication occurs is necessary to determine its message. (*Id*. at 65:10-16.) In this case, however, he was not provided and did not review the entire *Sports Illustrated Presents* edition that includes Jewel's page. He

4

saw only the cover and Jewel's page. (*Id*. at 48:18-24.) He also reviewed only one Jewel document – the brand manual. (Ex. A at Appendix B; Ex. B at 43:1-15.)

12. Although much of his report is an explanation of brands, Dr. Carpenter did not make any effort to understand Jewel-Osco's brand. He admitted that would require understanding what Jewel-Osco's brand stands for in the minds of consumers, which he was not asked to do and did not analyze. (Ex. B. at 70:19-71:23.)

13. Dr. Carpenter did not interview anyone that purchased the *Sports Illustrated Presents* magazine or anyone that actually saw Jewel's page. (*Id*. at 54:11-55:16.) He explained, again, that he believed it was irrelevant because he was asked only "to form an opinion about whether the page was an advertisement or not." (*Id*. at 55:23-56:3.)

14. Dr. Carpenter admitted that the bases for his opinions are his review, and only his review, of the information he considered which includes Jewel's page. Dr. Carpenter's opinions are not based on any analysis of consumers that actually saw Jewel's page. (*Id*. at 102:6-15.) Although he could have tested his opinions, he did not do so. (*Id*. at 61:12-21.)

### III. The Court Should Exclude Dr. Carpenter's Opinions

15. Dr. Carpenter's opinions do not satisfy the requirements of *Daubert*. Under *Daubert*, this Court must analyze each of Dr. Carpenter's opinions based upon its "reliability" and "relevancy" prior to admission into evidence. Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579. As the "gatekeeper," the Court should "carefully and meticulously make an early pretrial evaluation of issues of admissibility" with regard to Dr. Carpenter's opinions. *Robinson v. Missouri Pac. R.R. Co.*, 16 F.3d 1083, 1089 (10th Cir.1994).

16. To determine whether an expert opinion is reliable, a court should consider: "(1) whether the theory has been or is capable of being tested; (2) whether the theory has been subjected to peer review and publication; (3) the theory's known or potential rate of error; and

5

(4) the theory's level of acceptance within the relevant community." *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 894 (7th Cir. 2011), citing *Daubert*, 509 U.S. at 593-94. The Court must find that Dr. Carpenter's opinions are reasoned, founded on data, and utilize the methods of the relevant discipline. *Bielskis*, 663 F.3d at 894. Plaintiff bears the burden by a preponderance of the evidence to persuade this Court to allow Dr. Carpenter to testify. *Apple, Inc. v. Motorola, Inc.*, No. 1:11-CV-08540, 2012 U.S. Dist. LEXIS 105387, at *15-16 (N.D. Ill. May 22, 2012). Plaintiff cannot satisfy its burden because Dr. Carpenter's opinions do not satisfy the requirements of Rule 702 and *Daubert*. Fed. R. Evid. 702; *Daubert*, 509 U.S. at 593-95.

17. Dr. Carpenter's opinions fail to satisfy the requirements of Fed. R. Evid. 702 for the following reasons: (1) testimony regarding the intent, state of mind, and perception of others is uniformly rejected because these are issues equally within the competence of jurors to understand; (2) testimony that is unsupported *ipse dixit* is uniformly rejected as unreliable due to the gap between the underlying data and the expert's opinion; and (3) testimony that summarizes the factual record is improper because it dresses up factual testimony in expert garb, usurps the role of the fact finder, and is redundant.

18. Dr. Carpenter's opinion that Jewel's page is "an advertisement" is neither relevant nor helpful in this case. Whether a communication is an advertisement is not an element of the IRPA. 765 ILCS 1075. The Court of Appeals has determined that Jewel's page is a form of image-advertising. Dr. Carpenter's opinion that Jewel's page is "an advertisement" is not relevant to the remaining liability issues and is not helpful to the fact finder in determining the implied message of Jewel's page. *Daubert*, 509 U.S. at 592 ("[T]he trial judge must determine at the outset [ ] whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."). It should be excluded.

6

### A. The Court Should Also Exclude Dr. Carpenter's Opinions On The Intent, State Of Mind, And Perception Of Others.

19. Similarly, Dr. Carpenter's opinions on intent, state of mind, and the perception of others are also improper, unhelpful, and unnecessary because a jury is capable of understanding these issues based on the evidence presented at trial. *In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1069 (D. Minn. 2007) (Excluding expert opinion regarding motive, intent, or state of mind); *Highland Capital Mgmt., LP. v. Schneider*, 379 F. Supp. 2d 461, 469-70 (S.D.N.Y. 2005) (Speculation regarding the state of mind of others is inadmissible because inferences drawn from such evidence supplant the role of the jury in interpreting evidence), *vacated in part and remanded on other grounds*, 485 F.3d 690 (2d Cir. 2007). Dr. Carpenter testified that he was only asked to determine if Jewel's page was an advertisement. (Ex. B at 55:23-56:3, 58:14-59:8.) He specifically denied being asked to do or doing any analysis on consumer perception of Jewel's page. (*Id.*) Dr. Carpenter said doing so was irrelevant to what he was asked to do. (*Id.* at 55:13-56:3.) He admitted that he did not do a single consumer interview, conduct a single consumer survey, or analyze any market data regarding Jewel's page. (*Id.* at 54:11-56:2, 58:11-13, 62:5-9.) He also admitted that his opinions were based on his view of Jewel's page – not any analysis of how consumers viewed the page. (*Id.* at 61:8-21, 102:6-15.)

20. Yet Dr. Carpenter's opinions are cast in how a consumer would perceive Jewel's page: "*informs consumers* about Jewel-Osco, it *conveys the meaning* of the Jewel-Osco brand as its owners intend, [] it proposes a commercial transaction *with current and potential customers*" and "it *proposes a transaction* for all goods and services [] associated with the Jewel-Osco brand." (Ex. A at ¶ 22 (emphasis added).) Given his complete lack of consumer analysis, Dr. Carpenter should not be permitted to opine on how Jewel's current and future consumers are informed or understand Jewel's page. *Highland Capital*, 379 F. Supp. 2d at 470 ("[I]nferences

7

about the intent or motive of parties or others lie outside the bounds of expert testimony."); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) ("[T]he opinions of [expert witnesses on the] states of mind of [] others have no basis in any relevant body of knowledge or expertise.").

21. Dr. Carpenter's opinions concerning Jewel's intent also fail. Intent is not an element of the IRPA. 765 ILCS 1075. It does not matter under the IRPA whether Jewel's page intended to convey a particular message or not. *Id*. The message implied by Jewel's page is the relevant issue. But Dr. Carpenter did not make any effort to determine this question because it requires understanding what Jewel-Osco's brand stands for in the minds of consumers, which he was not asked to do. (Ex. B. at 70:19-71:23.) Even if intent were an issue, the jury must decide Jewel's intent not Dr. Carpenter. *In re Baycol*, 532 F. Supp. 2d at 1069 ("The question of corporate intent is one for the jury, not for an expert.")

22. Dr. Carpenter's opinions amount to nothing more than unsupported conjecture and speculation on the intent of Jewel and the perception of consumers. His opinions are neither proper nor helpful to the jury. Even though he could have tested them, he did not. (Ex. B at 61:12-21.) Dr. Carpenter provides no peer reviewed article or treatise that supports his opinion that his perception of a communication is how consumers would perceive the same communication. His opinions are not sufficiently reliable. *Bielskis*, 663 F.3d at 894. The Court should exclude Dr. Carpenter's proposed testimony for this reason alone.

### B. The Court Should Exclude Dr. Carpenter's Opinions Because They Are *Ipse Dixit*

23. When experts fail to provide support for their opinions and instead make conclusory statements, such testimony is *ipse dixit* and should be excluded. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ( "[N]othing in either *Daubert* or the Federal Rules of Evidence

8

requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. A court may conclude there is simply too great an analytical gap between the data and the opinion proffered.").

24. Dr. Carpenter was retained only to determine whether or not Jewel's page is an advertisement. (Ex. B at 59:1-8.) His other opinions in paragraph 22 of his report, however, exhibit the type of analytical gap between the document and the opinion proffered that courts label as *ipse dixit* and routinely exclude. *Citizens Fin. Group v. Citizens Nat'l Bank*, No. 01-1524, 2003 U.S. Dist. LEXIS 25977, at *24-6 (W.D. Pa. Apr. 23, 2003) (Explaining that when an expert's opinion is unsupported speculation with no reliable methodology or sufficient facts such opinion is nothing more than *ipse dixit* which fails to satisfy Rule 702); *N. Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp. 2d 1140, 1147-48 (D. Minn. 2003) ("[I]n order to be helpful to the trier of fact . . . the expert must have a reasonable factual basis for his testimony.").

25. Expert testimony without factual support cannot satisfy either the reliability or the helpfulness prong of Rule 702. *Insignia Sys. v. News Am. Mktg. In-Store, Inc.*, No. 04-4213, 2011 U.S. Dist. LEXIS 5558, at *7-14 (D. Minn. Jan. 4, 2011) (excluding expert testimony on the impact of allegedly disparaging statements where expert did not speak to relevant consumers, did not conduct surveys, and relied only on her experience and review of discovery, and holding that expert thus had no knowledge of the actual reaction of consumers as to the allegedly disparaging statements).

26. Support for Dr. Carpenter's opinions is nonexistent. As mentioned above, he was not asked to do and did no analysis regarding how consumers perceive Jewel's page, what Jewel-Osco's brand stands for, and whether anyone other than him (and Plaintiff's counsel) believe the page promotes and advertises all of Jewel's many goods and services. Dr. Carpenter fails to point

to any data on which he relied to determine the message of Jewel's page. He admits he could have done a survey or gathered data but was not asked to do so. (Ex. B at 58:11-13.) He also admitted that he did not test his opinions. (*Id.* at 61:12-21.) Jewel and the Court are left to wonder what evidence bears on Dr. Carpenter's opinions regarding the message conveyed by Jewel's page, Jewel's intent, and whether the page propose a transaction for everything Jewel-Osco sells. The answer is: his review, and his review only, of Jewel's page. (*Id.* at 102:6-15.)

27. Under Rule 26 the basis supporting an opinion must be provided in the report, and, here, Dr. Carpenter discloses no such evidence substantiating his opinions. Fed. R. Civ. P. 26(a)(2)(B)(i). The Court should not accept these bald conclusions that depend on this "I said so type logic." *Aviva Sports, Inc. v. Fingerhut Direct Mktg.*, 829 F. Supp. 2d 802, 826-27 (D. Minn. 2011); *N. Star Mut.*, 269 F. Supp. 2d at 1147-48; *Citizens Fin. Group,* 2003 U.S. Dist. LEXIS 25977, at *24-6.

28. Dr. Carpenter's opinions in this case are classic *ipse dixit* and should be excluded as unreliable. *Aviva Sports,* 829 F. Supp. 2d at 826-27 (Excluding expert testimony as *ipse dixit* where expert "rel[ied] primarily on his experience and knowledge of consumer behavior theory" but failed to explain how that experience and knowledge applied to the facts of the case); *see also ePlus, Inc. v. Lawson Software, Inc.*, 764 F. Supp. 2d 807, 813 (E.D. Va. 2011) (same).

    C.    **The Court Should Exclude Dr. Carpenter's Opinions Because They Merely Summarize Facts In The Record**

29. It is also unhelpful and inappropriate for Dr. Carpenter to merely interpret Jewel's page without applying any expert principles or methods. *In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 964-65 (D. Minn. 2009) (excluding portions of expert testimony where the testimony relied on interpretation of documents from the record because the jury was equally capable of evaluating the documents). It is well within the capabilities of the jury to assess the

evidentiary record. *In re Rezulin*, 309 F. Supp. 2d at 546-47 (Expert testimony which "merely repeat[s] facts or opinions stated by other potential witnesses or in documents produced in discovery" or which "dr[aws] simple inferences from documents produced in discovery" is improper because it invades the province of the jury); *Sanny*, 2013 U.S. Dist. LEXIS 65559, at *46-7 (Excluding expert testimony where expert simply reviewed deposition transcripts and data but applied no reliable method and further explaining that the "jury could, and should, draw its own conclusions about the testimony and data using common sense. [The expert's opinion] would not assist the jury")

30. Dr. Carpenter reviewed *less* than the jurors will review. Although he agreed that context was important, he did not review the entire *Sports Illustrated Presents* magazine. (Ex. B at 48:18-24.) The jury will. Dr. Carpenter reviewed just one Jewel document – the brand manual – and did not review any testimony for Jewel witnesses. (*Id*. at 43:1-15; Ex. A at Appendix B.) The jury will. Dr. Carpenter appears to have reviewed only the limited documents that Plaintiff's counsel provided to him and did no independent analysis or testing. (*See, e.g.,* Ex. B at 61:12-21.) Not surprisingly, Dr. Carpenter reaches the same conclusion as Plaintiff's counsel: that Jewel's page advertises and promotes every single good and service Jewel-Osco provides. Dr. Carpenter's testimony is nothing more than Plaintiff's argument draped in the cloak of expert testimony. That is improper and should be excluded. *Akiro LLC v. House of Cheatham, Inc.*, 946 F. Supp. 2d 324, 332 (S.D.N.Y. 2013) (Excluding an expert report because the report did nothing that a lay juror could not do and the report simply dressed up the Defendant's view of the facts in expert garb); *Somnis v. Country Mut. Ins. Co.*, 840 F. Supp. 2d 1166, 1172-73 (D. Minn. 2012) (Excluding expert testimony as to a certain subject and warning that permitting an expert "to draw an inference that the jury can reach on its own would do 'little more than put his

11

imprimatur on the defendant's case,' . . . and, in essence, simply 'tell the jury what result to reach.' . . . it is for '[t]he jury . . . to draw reasonable inferences from the firsthand data.'" And further stating "'a certain patina attaches to an expert's testimony . . . [and] the jury may think, and give more credence to the testimony than it may deserve.'")

WHEREFORE, Defendants respectfully request that the Court exclude Plaintiff from presenting the opinions and testimony of Dr. Carpenter.

Respectfully submitted,

Date: July 2, 2015

/s Anthony R. Zeuli
Anthony R. Zeuli (IL#6231415, MN #274884)
Scott W. Johnston (MN #247558)
Eric R. Chad (MN #388944)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 332-5300
Fax: (612) 332-9081

David E. Morrison
Oscar L. Alcantara
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

*Attorneys for Defendants/Third-Party Plaintiffs.*

12

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 2, 2015, I electronically filed the foregoing DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF GREGORY S. CARPENTER with Exhibits A-B with the Clerk of the Court using the CM/ECF system. I also certify that a copy of the same was served via e-mail upon counsel of record.

                                              /s/ Carol Hough