UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 340 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| JEWEL FOOD STORES, INC., and SUPERVALU INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Earlier this year, the court denied Michael Jordan's motion for summary judgment as to liability on his claim under the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq.*, against Jewel Food Stores and Supervalu (together, "Jewel"). Docs. 342-343 (reported at __ F. Supp. 3d __, 2015 WL 1204282 (N.D. Ill. Mar. 12, 2015)), *reconsideration denied*, Doc. 354. Jewel then sought judgment on the ground that Jordan lacks standing to pursue the IRPA claim because he transferred all rights to his likeness to his loan-out company, Jump 23, Inc. Docs. 354-355. The court denied Jewel's motion, reasoning that contested issues of material fact precluded the court from finding that Jump 23 had acquired all rights to Jordan's likeness. Docs. 368-369 (reported at 2015 WL 3561493 (N.D. Ill. June 5, 2015)). Still, the court added:

> To avoid the possible distraction that this issue could pose at trial, Jordan might consider moving to amend his complaint to add Jump 23 as a party plaintiff. Jewel would be entitled to oppose such a motion, and the court of course cannot determine at this point whether the motion would be granted, but if it were granted, the trial would be made simpler, which may counsel in favor of Jordan's at least giving it a try.

2015 WL 3561493 at *2.

Accepting the court's invitation, Jordan has moved for leave to file a third amended complaint that would add Jump 23 as a party plaintiff and that also would drop his requests for

1

punitive damages and corrective advertising. Doc. 372. Jewel has no problem with Jordan dropping his requests for punitive damages and corrective advertising, but opposes his attempt to add Jump 23 as a party plaintiff. Doc. 386.

Rule 15(a)(2) states that "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). As the events giving rise to this suit occurred in 2009, Doc. 340 at ¶¶ 9-22, however, the one-year statute of limitations on Jump 23's putative IRPA claim has long since run. Rule 15(c)(1)(C) governs the circumstances under which an otherwise time-barred claim, brought via an amendment, "relates back to the date of the original pleading"; the rule provides that relation back is appropriate when "the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) [which provides that 'the amendment asserts a claim … that arose out of the conduct, transaction, or occurrence set out … in the original pleading'] is satisfied and if … the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). It is true that Rule 15(c)(1)(C) explicitly references the addition of only a new *defendant*, not a new *plaintiff*. The Advisory Committee explained that this omission was deliberate: "The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." 1966 Advisory Committee Notes to Fed. R. Civ. P. 15. Consistent with the Advisory Committee's explanation, the Seventh Circuit has long held that "[a] plaintiff may usually amend his complaint under Rule 15(c) … to

2

substitute or add as plaintiff the real party [in] interest." *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (quoting *Wood v. Worachek*, 618 F.2d 1225,1229 (7th Cir. 1980)); *see also Hill v. Shelander*, 924 F.2d 1370, 1376 (7th Cir. 1991) (same).

Jewel and Jordan agree that the governing standard provides that a new plaintiff's claims relates back to the filing of the original plaintiff's claims "where (1) the new plaintiff's claim arose out of the same conduct, transaction or occurrence set forth in the original complaint; (2) the new plaintiff shares an identity of interest with the original plaintiff; (3) the defendants have fair notice of the new plaintiff's claim; and (4) the addition of the new plaintiff will not cause the defendants prejudice." *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 232 (N.D. Ill. 2002) (internal quotation marks omitted); *see* Doc. 372 at 2; Doc. 386 at 3. Conceding that Jump 23 shares an identity of interest with Jordan and that Jump 23's proposed IRPA claim arises out of the same conduct underlying Jordan's claim, Jewel focuses on fair notice and prejudice.

With respect to fair notice, then-District Judge Williams explained: "A defendant has fair notice when the new plaintiff's cause of action arises from the same conduct, transaction, or occurrence as the original claim" and "if the amended complaint does not alter the known facts and issues of the original complaint." *Sherwin Manor Nursing Ctr., Inc. v. McAuliffe*, 1997 WL 367368, at *7 (N.D. Ill. June 25, 1997) (internal quotation marks omitted); *see also Staren v. Am. Nat'l Bank & Trust Co. of Chi.*, 529 F.2d 1257, 1263 (7th Cir. 1976) ("The substitution of [the plaintiff] after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based."). Judge Williams added:

> Other courts find reasonable notice where the additional plaintiff's claims are based on the same facts and legal theories as those alleged in the original complaint. … Courts routinely allow the addition of plaintiffs where they were indirectly a part of the original complaint. *See*, *e.g.*, *Avila v.*

3

> *Immigration and Naturalization Serv.*, 731 F.2d 616 (9th 1984) (father, who sued as guardian, later added himself as plaintiff); *Williams* [*v. United States*], 405 F.2d [234,] 235 [(5th Cir. 1968)] (mother added as party plaintiff after she had sued as "next friend" to her son); *Cunningham by Cunningham v. Quaker Oats Co.*, 107 F.R.D. 66, 72 (W.D.N.Y.1985) (mother added as plaintiff after verdict in original case).

*Sherwin Manor*, 1997 WL 367368, at *7 (internal quotation marks omitted).

Adding Jump 23 to this suit would not change the "facts and issues" in the case, as Jump 23's proposed claim relies on "the same facts and legal theories as those alleged in [Jordan's] original complaint." *Ibid*. In a limited sense, Jump 23 was "indirectly a part of the original complaint," *ibid*., as it is completely owned by Jordan himself and is a party in *Jordan v. Dominick's Finer Foods, LLC*, 10 C 407 (N.D. Ill.), a similar suit brought against another large Chicago grocery chain for similar conduct. Furthermore, the fact that *Jewel* first raised the issue of Jump 23's absence from this case demonstrates that it was fully on notice of Jump 23's potential claim as a plaintiff. Doc. 386 at 6 ("It was not difficult … to ascertain at the start of this lawsuit that Jump 23 might be—or was—a real party in interest in this case. Jump 23 was a co-plaintiff against Dominick's.").

As for prejudice, because Jordan and Jump 23 seek only a single recovery, Doc. 406 at 3-5, adding Jump 23 as a party plaintiff would not increase Jewel's potential liability. Jewel argues, however, that the "lengthy delay" between Jordan's filing this suit and his moving to add Jump 23 creates "a strong presumption of prejudice," particularly given that the delay "was entirely the fault of Jump 23 and" Jordan. Doc. 386 at 4. But "[d]elay on its own is usually not reason enough for a court to deny a [Rule 15] motion to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008)). Jewel might have contended that because the deadline for amending the pleadings has long since passed, Jordan had to satisfy the more demanding "good cause" standard of Federal Rule of Civil Procedure 16(b)(4), which focuses on the moving party's

4

diligence. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011); *Trustmark Ins. Co. v. Gen. & Cologne Life R of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). But Jewel does not mention Rule 16(b)(4), thereby forfeiting any such argument. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court.") (citations omitted); *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012) ("[T]he forfeiture doctrine applies not only to a litigant's failure to raise a general argument … but also to a litigant's failure to advance a specific point in support of a general argument.").

Jewel also contends that adding Jump 23 would cause undue prejudice by "requir[ing] the reopening of fact discovery, and possibly expert discovery, which will delay the trial." Doc. 386 at 4. This contention is unpersuasive. Jewel does not assert that "relevant evidence has been lost or compromised due to the passage of time." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1046 (N.D. Ill. 2000); *see also Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n, AFL-CIO*, 814 F.2d 32, 37 (1st Cir. 1987) (finding no prejudice in part because the defendant had "no basis to contend that evidence disappeared with the passage of time"). Although undue prejudice might have resulted if "the proposed amendment d[id] not afford defendant adequate time for discovery," *Olech*, 138 F. Supp. 2d at 1046 (citing *Sherwin Manor*, 1997 WL 367368, at *8), no such concern is present here. Jump 23, as noted, is a plaintiff in the similar *Dominick's* suit; the parties in this suit are entitled to use discovery obtained in the *Dominick's* suit, Doc. 22 (Manning, J.); discovery in the *Dominick's* suit has explored the nature of Jump 23's relationship with Jordan, Docs. 406-1, 406-2; and Jewel has already used in this suit discovery from the *Dominick's* suit, Doc. 298 at 3; Doc. 300 at 3. Given that discovery in the *Dominick's* suit reveals that Jump 23 is wholly owned by Jordan, Doc. 406-1 at 7, it is difficult to credit Jewel's

argument that it needs substantial discovery in this case "to explore Jump 23's approach to the use of [Jordan's] publicity rights, whether that approach differs from [Jordan's] approach as an individual, whether the individuals with decision-making authority within the Jump 23 corporate structure as the same as those who advise [Jordan] in his personal capacity, or whether Jump 23, as an organization, may disagree with [Jordan] regarding Jewel's alleged use of [Jordan's] identity or appropriate."  Doc. 386 at 4.

If some additional discovery were warranted, trial is set for December 8, 2015, over three months away.  Jewel thus has ample time to seek whatever discovery it needs regarding Jump 23 that has not already been produced in the *Dominick's* suit.  *See Allied Int'l*, 814 F.2d at 37 ("Once the complaint had been amended to bring in APC, approximately four months elapsed before the start of trial.  There was abundant time, even then, within which to carry out supplementary discovery if the nominal revision to the pleadings legitimately dictated further inquiry.").  Jewel's request to reschedule the trial is therefore denied.  Doc. 386 at 7.

For these reasons, Jordan's motion to file a third amended complaint is granted.  The trial remains set for December 8, 2015.  Discovery is reopened to allow Jewel to seek discovery regarding Jump 23.  The court encourages the parties to resolve any discovery disputes that may arise; without knowing the full extent of Jump 23-related discovery produced in the *Dominick's* suit, the court necessarily withholds judgment on the extent to which Jump 23-related supplemental discovery is appropriate in this suit.


August 20, 2015                                     /s/ Gary Feinerman_____
                                                                             United States District Judge